UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOSEPH D. CLARK,                )
     Plaintiff,                 )
                                )
     v.                         )    C.A. No. 00-11314-MLW
                                )
JOHN JONES, et al,              )
     Defendants.                )


                       MEMORANDUM AND ORDER

WOLF, D.J.                                      November 24, 2010

     Plaintiff Joseph Clark originally brought this action against 15 prison guards and officials alleging, among other things, that he was a victim of an assault and battery. At the first trial of his claims, at which Clark was represented by counsel, the jury was unable to reach a verdict concerning the assault and battery claims against defendants Brian Ladouceur, Jeffrey Grimes and Alex Rodriguez. Assisted by stand-by counsel, Clark represented himself in the 9-day retrial of the assault and battery claims against those three defendants. He did not file a motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a), during the trial. The jury returned a verdict for the three defendants on October 4, 2010.

     On October 12, 2010, Clark moved for a judgment as a matter of law pursuant to Rule 50 or, alternatively, under Federal Rule of Civil Procedure 59(e). He requested an opportunity to file, if necessary, an amended motion providing factual support for his requests two weeks after October 16, 2010, when his stand-by

counsel would return from vacation.  The defendants oppose Clark's motions.  For the reasons explained below, Clark's motions are being denied.

Clark's Rule 50 motion is untimely and, in any event, without merit.  Rule 50 authorizes this court to grant a timely motion for a judgment as a matter of law only if the court finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" the defendants.  See Fed. R. Civ. P. 50(a)(1). A timely "Rule 50 motion is properly granted when the facts and inferences viewed in the light most favorable to the verdict point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have returned the verdict." Mercado-Berriez v. Cancel Alegria, 611 F.3d 18, 22 (1st Cir. 2010) (internal quotation omitted). "Rule 50 requires that a motion for [judgment as a matter of law] be made at the close of all the evidence." Zhang v. American Gems Seafood, Inc., 339 F.3d 1020, 1029 (9th Cir. 2003). A motion for judgment as a matter of law after trial presented pursuant to Rule 50(b) motion "is a renewal of an earlier motion made at the close of the evidence," and "can be granted only on grounds advanced in the pre-verdict motion." Fed. R. Civ. P. 50  Advisory Committee's Note to 1991 Amend.

Because Clark is pro se, "the ordinary procedural rules must be applied to him more liberally than they would be to a party represented by counsel." Hennessy v. Dennehy, 2010 WL 3464234, *7

(D. Mass. 2010) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Raineri v. United States, 233 F.3d 96, 97 (1st Cir. 2000)). However, "'the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.'" Eagle Eye Fishing Corp. V. U.S. Dept. of Commerce, 20 F.3d 503, 505 (1st Cir. 1994) (quoting Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985)) (internal quotation marks omitted).

In this case, Clark's pro se status does not relieve him of the consequences of his failure to file a Rule 50 motion during trial. At trial, Clark demonstrated impressive knowledge of the law for a layman. He also regularly consulted his stand-by counsel on legal issues. In these circumstances, his failure to present a Rule 50 motion during trial precludes him from doing so now. See Zhang, 339 F.3d at 1029.

Nevertheless, the court has considered the merit of Clark's Rule 50 motion and finds that he has not been prejudiced by his failure to present it in a timely manner. Clark and the defendants presented starkly different testimony concerning the origins of the altercation between them in Clark's cell that was the basis of his assault and battery claims. The jury was required to perform its fundamental function of deciding the credibility of Clark's contention that, despite their denials, the defendants assaulted him. The jury's verdict for defendants indicates that it was not persuaded by Clark's version of the disputed events. It is

axiomatic that in deciding a Rule 50 motion, "the court should review all of the evidence in the record" and "must draw all reasonable inferences in favor of the non-moving party, and it must not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Products</u>, 530 U.S. 133, 150 (2000). While a verdict in Clark's favor would also have been reasonable, there was ample evidence which, if believed, would justify the jury's decision that Clark had not proven that he was a victim of an assault and battery. Therefore, Clark's Rule 50 motion would not have been granted even if it had been filed during trial and properly renewed following the verdict. <u>Id.</u>; <u>Mercado-Berriez</u>, 611 F.3d at 22.

Clark's Rule 59(e) motion for a judgment notwithstanding verdict is also without merit. In determining whether relief should be granted under Rule 59(e), a district court must "balanc[e] the need for finality of judgments with the need to render a just decision." <u>Venegas-Hernandez v. Sonolux Records</u>, 370 F.3d 183, 190 (1st Cir. 2004). The need for finality may be outweighed by "a manifest error of law or newly discovered evidence." <u>See</u> <u>Prescott v. Higgins</u>, 538 F.3d 32, 45 (1st Cir. 2008). Here, Clark did not object to the court's jury instructions and does not even argue that there has been a "manifest error of law or newly discovered evidence." <u>Id.</u> Therefore, Clark is not entitled to relief under Rule 59(e).

4

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Judgment As A Matter of Law Notwithstanding the Verdict (Docket No. 390) is DENIED.

       /s/ MARK L. WOLF
   UNITED STATES DISTRICT JUDGE